UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JOAN CALLUM** | : | **CIVIL ACTION NO.** |
| Plaintiff | : | **3:02 CV 57 (AHN)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOSEPH MARSH;** | : | |
| **GUDRUN JOHNSON;** | : | |
| **ARTHUR SPADA** | : | |
| Defendants | : | **SEPTEMBER 29, 2004** |

**REVISED AMENDED COMPLAINT**

**COUNT ONE, AS TO DEFENDANTS JOSEPH MARSH, BADGE #1034, GUDRUN JOHNSON, BADGE: PURSUANT TO TITLE 42 U.S.C. §§1983 and 1988**

1. At all relevant times, the Defendant JOSEPH MARSH, Badge #1034, was an agent or employee of the Public Safety Division of the STATE OF CONNECTICUT, acting in the performance of his duties and within the scope of his employment therein and acting under color of state law, to wit, under color of the Constitution, statutes, laws charter, ordinances, rules, regulations, customs and usages of the United States and of the State of Connecticut, and is sued personally as a Trooper of the STATE OF CONNECTICUT.

2. At all relevant times, the Defendant GUDRUN JOHNSON, Badge #1397,

1

was an agent or employee of the Public Safety Division of the STATE OF CONNECTICUT, acting in the performance of his duties and within the scope of his employment therein and acting under color of state law, to wit, under color of the Constitution, statutes, laws charter, ordinances, rules, regulations, customs and usages of the United States and of the State of Connecticut, and is sued personally and as a Trooper of the STATE OF CONNECTICUT.

3. At all relevant times, the Defendant ARTHUR L. SPADA was an agent or employee of the Public Safety Division of the STATE OF CONNECTICUT, acting in the performance of his duties and within the scope of his employment therein and acting under color of state law, to wit, under color of the Constitution, statutes, laws charter, ordinances, rules, regulations, customs and usages of the United States and of the State of Connecticut, and is sued personally as Commissioner of Public Safety of the STATE OF CONNECTICUT.

4. At all relevant times, as Commissioner of Public Safety of the STATE OF CONNECTICUT, the Defendant ARTHUR L. SPADA was and is charged with the management and oversight of the duties and activities of the STATE OF CONNECTICUT state police troopers and its officers, and with the promulgation and enforcement of

2

appropriate guidelines, regulations, policies, practices, procedures or customs therefor.

5. At all relevant times, the Defendants JOSEPH MARSH, Badge 1034; GUDRUN JOHNSON, Badge #1397, (hereinafter referred to jointly as Defendant TROOPERS) acted jointly and in concert with each other, to wit, each Defendant had the duty and the opportunity to protect the Plaintiff from the negligent, reckless, malicious, deliberate, indifferent, willful, and unlawful acts of the others but each Defendant failed and refused to perform such duty, thereby proximately causing the deprivations, injuries and losses complained of.

6. On or about December 20, 2000 at approximately 11:43 p.m., the Plaintiff JOAN P. CALLUM was driving in her 1995 Toyota automobile westbound on Route 2 near Exit 16 in the Town of Colchester, Connecticut.

7. At said time and said place, the Plaintiff was pulled over by one or more of the Defendant TROOPERS and questioned as to whether she had been drinking.

8. In response to repeated questioning by one or more of the Defendant TROOPERS, the Plaintiff repeatedly stated that she had not been drinking, that she does not drink.

9. Although the night was frigid, one or more of the Defendant TROOPERS

ordered the Plaintiff to get out of her car to perform a number of field sobriety tests.

10. Although the Plaintiff correctly performed some of the field sobriety tests, she had difficulty performing others due to the frigid temperatures, and her lack of understanding what the word "pivot" means.

11. One or more of the Defendant TROOPERS then handcuffed, the Plaintiff, informed her that she was under arrest for "drunk driving" and "drugs," towed her car, and transported her to Troop K in Colchester, Connecticut.

12. At Troop K, the Plaintiff was shoved into a cell, with one or more of the Defendant TROOPERS yanking on her clothing.

13. While in the Troop K cell, the Defendant TROOPERS continually verbally harassed the Plaintiff, insisting that she was on drugs and alcohol in spite of her statements that she never drank.

14. At the insistence of the Defendant TROOPERS, the Plaintiff provided two urine specimens for drug testing but none of the Defendant TROOPERS ever informed her of the results, which were negative for alcohol or drug use.

15. At no time during her incarceration was the Plaintiff ever informed of, or asked to take, a breathalyzer test.

16. The Plaintiff was charged with Speeding, in violation of Conn. Gen. Stat. §14-219c, Driving While Intoxicated, in violation of Conn. Gen. Stat. 14-227a, and Operating Outside Restriction, in violation of Conn. Gen. Stat. §14-36f.

17. All of said charges were subsequently dismissed.

18. As a result of the conduct of the Defendant TROOPERS as alleged herein, the Plaintiff suffered personal injuries, some or all of which may be permanent, including but not limited to humiliation, fear, mental and emotional distress and psychological pain including post traumatic stress disorder.

19. As a further result of the conduct of the Defendant TROOPERS as alleged herein, the Plaintiff has incurred substantial expenses for medical care and treatment, test, x-rays, and medicines, and may be forced to incur such expenses in the future.

20. As a further result of the conduct of the Defendant TROOPERS as alleged herein, the Plaintiff was prevented for a time from engaging in her ordinary and usual activities; and may be impaired in her ability to engage in his ordinary and usual activities in the future.

21. As a further result of the conduct of the Defendant TROOPERS as alleged herein, the Plaintiff suffered and may continue to suffer injury to her previously

unblemished reputation.

22. The Defendant TROOPERS failed to secure to the Plaintiff, unlawfully deprived the Plaintiff, or caused the Plaintiff to be unlawfully deprived of rights secured to her by the United States Constitution in one or more of the following ways:

   a. The Defendant TROOPERS used an excessive and unreasonable amount of force against the Plaintiff, in violation of the Plaintiff's rights under the Fourth Amendment of the United States Constitution as enforced through Title 42 United States Code §§1983 and 1988;

   b. The Defendant TROOPERS acted, or failed to act, toward the Plaintiff with the intent to deprive her of her rights under the Fourth Amendment of the United States Constitution to be free of unreasonable stops, detentions, arrests, searches and seizures;

   c. The acts or omissions of the Defendant TROOPERS as herein described constitute an unnecessary and unreasonable use of force in violation of the Plaintiff's rights under the Fourth Amendment of the United States Constitution and Title 42 United States Code §§1983 and 1988; and.

23. This Count is brought pursuant to Title 42 United States Code §§ 1983 and 1988.

**COUNT TWO, AS TO DEFENDANT ARTHUR L. SPADA: PURSUANT TO TITLE 42 U.S.C. §§ 1983 AND 1988**

1 - 23. Paragraphs (1) through (23), inclusive, of Count One are incorporated as paragraphs (1) through (23), inclusive, of Count Two as if fully set forth herein.

24. At all relevant times, the Defendant TROOPERS were under the control and direction of the Public Safety Division of the STATE OF CONNECTICUT and its Commissioner, the Defendant ARTHUR L. SPADA.

25. The Defendant ARTHUR L. SPADA failed to secure to the Plaintiff, unlawfully deprived the Plaintiff, or caused plaintiff to be unlawfully deprived of rights secured to her by the United States Constitution and 42 United States Code §§ 1983 and 1988 in one or more of the following manners:

    a.  The Defendant ARTHUR L. SPADA failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding stops, detentions, searches and arrests of citizens by state police troopers;

    b.  The Defendant ARTHUR L. SPADA failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the use of force against citizens by state police troopers;

    c.  The Defendant ARTHUR L. SPADA failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding sobriety field testing and/or drug testing of persons in official custody by state police troopers;

    d.  The Defendant ARTHUR L. SPADA failed or refused to adequately screen, hire and retain candidates for the position of state police troopers;

    e.  The Defendant ARTHUR L. SPADA failed or refused to adequately train state police troopers in the performance of their duties and conduct toward

    citizens;

f.    The Defendant ARTHUR L. SPADA failed or refused to adequately supervise state police troopers in the performance of their duties and conduct toward citizens;

g.    The Defendant ARTHUR L. SPADA failed or refused to take appropriate disciplinary action against the Defendant TROOPERS for the negligent, reckless, malicious, deliberate, indifferent, willful, intention and unlawful conduct complained of.

**COUNT THREE, AS TO DEFENDANTS JOSEPH MARSH, BADGE #1034, GUDRUN JOHNSON, BADGE #1397: MALICIOUS PROSECUTION AND ABUSE OF PROCESS**

1 - 23.    Paragraphs (1) through (23), inclusive, of Count One are incorporated as paragraphs (1) through (23), inclusive, of Count Three as if fully set forth herein.

24.    The Defendant TROOPERS made or caused to be made said criminal charges against the Plaintiff without probable cause, or willfully, maliciously, wantonly, recklessly, and in disregard of the rights of the Plaintiff, and with the intention of causing the Plaintiff to be suffer the injuries, losses and deprivations of rights complained of, and to accomplish purposes which are not intended by said charges and unlawful, to wit, to prevent the Plaintiff from seeking redress of her injuries and losses through an appropriate civil proceeding.

**COUNT FOUR, AS TO DEFENDANT ARTHUR L. SPADA: MALICIOUS PROSECUTION AND ABUSE OF PROCESS**

1 - 23.    Paragraphs (1) through (23), inclusive, of Count One are incorporated as paragraphs (1) through (23), inclusive, of Count Four as if fully set forth herein.

24.    At all relevant times, the Defendant TROOPERS were under the control and direction of the Public Safety Division of the STATE OF CONNECTICUT and its Commissioner, the Defendant ARTHUR L. SPADA.

25.    The Defendant ARTHUR L. SPADA, his agents or employees made or caused to be made said criminal charges against the Plaintiff without probable cause or willfully, maliciously, wantonly, recklessly, and in disregard of the rights of the Plaintiff, and with the intention of causing the Plaintiff to suffer the injuries, losses and deprivations of rights complained of, and to accomplish purposes which are not intended by said charges and unlawful, to wit, to prevent the Plaintiff from seeking redress of her injuries and losses through an appropriate civil proceeding.

**WHEREFORE**, the Plaintiff seeks:

    (1)    Money damages;

    (2)    Punitive damages;

    (3)    Attorney fees and costs as provided by Title 42 U.S.S. §§ 1983 and 1988;

    (4)    Such other relief in law or equity as the Court may deem appropriate.

                                    **PLAINTIFF,**

                                      **by** _____
                                          **A. Paul Spinella, Esq.**
                                          **Spinella & Associates**
                                          **One Lewis Street**
                                          **Hartford, CT 06103**
                                          **Telephone: (860) 728-4900**
                                          **Facsimile:  (860) 728-4909**
                                          **Federal Bar #: ct00078**
                                          **email: [attorneys@spinella-law.com](mailto:attorneys@spinella-law.com)**

**CERTIFICATION**

**THIS IS TO CERTIFY** that a copy of the foregoing has been mailed postage pre-paid on this date to:

Stephen R. Sarnoski
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06105

_____
A. Paul Spinella, Esq.