UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOAN CALLUM, | : | NO. 3:02CV-0057 (AHN) |
| *plaintiff,* | : | |
| | : | |
| V. | : | |
| | : | |
| TOWN OF COLCHESTER, *et al.,* | : | |
| *defendants.* | : | APRIL 11, 2005 |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION OF ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The defendants hereby object to the Plaintiff's Motion for Reconsideration of Order Granting Defendants' Motion for Summary Judgment. Aside from the merits of the Defendants' Motion for Summary Judgment itself, the plaintiff's motion for reconsideration is simply not in compliance with the Rules of the United States District Court for the District of Connecticut, and adds nothing new in the way of facts for the Court's consideration.

Rule 56(a) of the Local Rules of Civil Procedure provides in subsections 2 and 3, in relevant part, as follows:

> 2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.
>
> 3. Each statement of material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial

> and/or (2) evidence that would be admissible at trial …. Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment, and, when the opponent fails to comply, an order granting the motion.

In this case, the plaintiff failed to file her Rule 56(a)2 Statement until after the Court had already ruled upon the pending Motion for Summary Judgment. Even then, the plaintiff failed to comply with the rules as stated above. The plaintiff's Rule 56(a)2 Statement does not cite to deposition transcripts, affidavits or any other evidence admitted before the court. The plaintiff relies solely upon her bare "denial" of the defendants' proffered facts, offering no cited factual support for her position. Moreover, the purported "List of Issues of Material Fact as to Which There is a Genuine Issue to be Tried" list only legal theories, not specific facts over which the evidence demonstrates the parties disagree. In short, the plaintiff's offerings go no further than the Complaint itself. Such unsupported allegations of wrongdoing are patently insufficient upon which to base opposition to a properly filed motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986) (the party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial); *see also, Knight v. United States Fire Insurance Co.,*, 804 F.2d 9, 12 (2d Cir. 1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 763 (1987); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980). Absent a demonstration that there exists any genuine issues of material facts, the Court may, if it chooses, grant the plaintiff's motion for reconsideration but, after such reconsideration, must deny the substantive relief requested.

## CONCLUSION

For all of the reasons contained in the defendants' original Motion for Summary Judgment, and for those articulated herein, the defendants respectfully request that this Court deny the requested relief.

DEFENDANTS
Joseph Marsh, Gudrun Johnson, and Arthur Spada

RICHARD BLUMENTHAL
ATTORNEY GENERAL


By: __/s/_____
Stephen R. Sarnoski
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, Connecticut 06105
Tel. (860) 808-5450
Federal bar #ct05129
E-mail: stephen.sarnoski@po.state.ct.us


## CERTIFICATION

I hereby certify that a copy of the foregoing motion was mailed this _____ day of _____, _____, to the following:

A. Paul Spinella, Esq.
Law Offices of A. Paul Spinella & Associates
1 Lewis Street
Hartford, Connecticut 06103

__/s/_____
Stephen R. Sarnoski
Assistant Attorney General